# IN THE UNITED STATES COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: <br><br> TEHUM CARE SERVICES, INC. et al <br><br> *Debtor* <br><br> TEHUM CARE SERVICES, INC. et al <br><br> *Appellee* | Civil Case No. 4:24-cv-01607 <br><br> Bankruptcy Case No. 23-bk-90086 |

## MOTION FOR LEAVE TO FILE STATEMENT OF *AMICI CURIAE* IN SUPPORT OF REQUEST FOR INTERLOCUTORY REVIEW

Martin Woodward
Kitner Woodward PLLC
13101 Preston Road, Suite 110
Dallas, TX 75240
(214) 443-4300
martin@kitnerwoodward.com

Jaqueline Aranda Osorno*
Public Justice
1620 L St. NW, Suite 630
Washington, DC 20036
(202) 797-8600
jaosorno@publicjustice.net
*pro hac vice pending*

*Counsel for Amici Curiae*

The Center for Constitutional Rights, Public Justice, Rights Behind Bars, the Roderick & Solange MacArthur Justice Center, Southern Center for Human Rights, the UC Berkeley Center for Consumer Law & Economic Justice, and Worth Rises (together, the "proposed *amici*"), by and through undersigned counsel, hereby move the Court for leave to file a statement of support of the Official Committee of Tort Claimants' request for interlocutory review of the denial of a motion to dismiss. On May 1, 2024, *amici* requested the Debtor's and Unsecured Creditors Committee's consent in filing this statement. The Debtor-Appellee does not consent. The Unsecured Creditors Committee did not respond.

In support of this Motion, proposed *amici* state as follows:

## ARGUMENT

Although there is no rule in the Federal Rules of Bankruptcy Procedure governing the appearance of *amicus curiae* in non-merits proceedings, Federal Rule of Appellate Procedure 29 provides that a motion for leave to appear as *amicus curiae* "must be accompanied by the proposed brief and (A) state the movant's interest and (B) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." F.R.A.P. 29(a)(3). The Fifth Circuit, in the context of a bankruptcy case, has explained:

> An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus

2

has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

*In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)). The Fifth Circuit has also explained that courts would be "well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted" because "if a good brief is rejected," the court "will be deprived of a resource that might have been of assistance." *Lefebure v. D'Aquilla*, 15 F.4th 670, 676 (5th Cir. 2021).

Here, the proposed *amicus curiae* brief satisfies the conditions set forth in Federal Rule of Appellate Procedure 29 because it helps represent the interests of pro se incarcerated creditors, and also offers a unique perspective on the public policy issues implicated in this bankruptcy.

**Interest of Proposed *Amici***

Consistent with Federal Rule of Appellate Procedure 29, proposed *amici* have a strong interest in this case. They are non-profit, advocacy and research organizations with decades of experience advocating for the rights of incarcerated people, including involvement in litigation relating to the Debtor's corporate predecessor's (Corizon) failures to provide adequate healthcare. As a result, they have a strong interest in defending the rights of incarcerated people who have been harmed by Corizon. Proposed *amici* also have a strong interest in ensuring that the

bankruptcy process does not became a tool for corporations to evade accountability for civil rights abuses. Individual organizational statements of interest are attached as Exhibit 1 to the proposed brief.

**Desirability and Relevance**

The proposed *amicus curiae* brief is also desirable and relevant because it presents unique information or a unique perspective that can aid the court. *See In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012). As *amici* explain in their statement of support, legitimizing the Debtor's misuse of the bankruptcy system by allowing the Debtor to remain in bankruptcy has significant public policy implications. Allowing the Debtor—formerly a correctional healthcare provider—to throw its constitutional and statutory tort liability into the abyss may have profound consequences in the correctional health industry specifically, and on an increasingly unstable prison industry more broadly. These public policy concerns are directly relevant to this court's determination of "whether there is substantial ground for a difference of opinion" as to whether the Debtor is a legitimate debtor that can avail itself of the Bankruptcy Code's protection. *See* Doc. 2-1 (Notice of Appeal) at ¶¶ 84-90 (discussing legal standard for interlocutory review and summarizing argument).

For the foregoing reasons, *amici* respectfully submit that the attached proposed *amicus curiae* brief satisfies the standard in Federal Rule of Appellate Procedure 29, and request the Court exercise its discretion to accept this brief.

## **CONCLUSION**

For the reasons stated above, proposed *amici* request that this Court grant this motion for leave to file an *amicus curiae* brief.

Dated: May 8, 2024                                         Submitted,

                                                                     /s/ Martin Woodward
                                                                     Counsel for *Amici Curiae*

Martin Woodward
Kitner Woodward PLLC
13101 Preston Road, Suite 110
Dallas, TX 75240
(214) 443-4300
martin@kitnerwoodward.com

Jaqueline Aranda Osorno*
Public Justice
1620 L St. NW, Suite 630
Washington, DC 20036
(202) 797-8600
jaosorno@publicjustice.net
*pro hac vice pending

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served on May 8, 2024, via this Court's electronic case filing (ECF) system on all parties receiving ECF notices in this case.

                                      */s/ Martin Woodward*
                                      Martin Woodward