United States District Court
Southern District of Texas
**ENTERED**
July 28, 2025
Nathan Ochsner, Clerk

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
November 8, 2024
Lyle W. Cayce
Clerk

No. 24-20396

In re Anant Kumar Tripati,

*Petitioner.*

---

Petition for Writ of Mandamus to the
United States Bankruptcy Court
for the Southern District of Texas
USBC No. 4:23-BK-90086

---

UNPUBLISHED ORDER

Before Smith, Graves, and Engelhardt, *Circuit Judges*.

Per Curiam:

  Anant Kumar Tripati, Arizona prisoner # 102081, has filed in this court a pro se petition for a writ of mandamus. It appears that Tripati is an alleged creditor or party-in-interest in the Chapter 11 proceeding of Tehum Care Services, Inc. (the Debtor). *See In re Tehum Care Servs., Inc.*, No. 4:23-BK-90086 (Bankr. S.D. Tex.).

  Tripati alleges that various parties-in-interest in the Debtor's bankruptcy proceeding "bribed" the former mediator, and he argues that the bankruptcy court "has disregarded two separate rules of procedure" and "refused to exercise its inherent power and take proper action." He seeks for this court "to forestall" the bankruptcy court's "persistent disregard of procedural rules" and to "bar the Debtor from access to" the bankruptcy

No. 24-20396

court. Tripati further seeks an order directing the bankruptcy court "to dismiss the proceedings and impose the harshest sanctions."

"Mandamus is an extraordinary remedy that should be granted only in the clearest and most compelling cases." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987). A party seeking mandamus relief must show both that he has no other adequate means to obtain the requested relief and that he has a "clear and indisputable" right to the writ. *Id.* (internal quotation marks and citation omitted). Mandamus is not a substitute for appeal. *Id.* "[T]he party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004) (second alteration in original) (internal quotation marks and citation omitted).

Tripati fails to explain adequately what rules the bankruptcy court has purportedly disregarded and how the court failed to "exercise its inherent" power and "take proper action." In this regard, his mandamus petition and request for relief are vague and unclear. To the extent that Tripati seeks for this court to take some unspecified action against the Debtor, its agents, and "those in concert" with them or for this court to dismiss the Debtor's bankruptcy case, he has not shown that he has no other adequate means to obtain relief through the bankruptcy court and, if appropriate, through the district court. *See Willy*, 831 F.2d at 549; *see also* 11 U.S.C. § 362(d) (relief from the automatic stay); 11 U.S.C. § 1112 (Chapter 11 dismissal); 28 U.S.C. § 158(a) (appeals in bankruptcy proceedings); 28 U.S.C. § 1334 (district court jurisdiction in Chapter 11 cases).

The petition for a writ of mandamus is DENIED. Tripati's motion to waive the filing fee is DENIED as moot, as the filing fee has been paid.

2

**A True Copy**
**Certified order issued Nov 08, 2024**

*Lyle W. Cayce*

**Clerk, U.S. Court of Appeals, Fifth Circuit**